LOUISA COCA–COLA BOTTLING COMPANY et al., Appellants,

v.

Frank STURGILL et al., Appellees.

Court of Appeals of Kentucky.

Feb. 19, 1971.

Rehearing Denied June 25, 1971.

David O. Welch, Ashland, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellants.

Robert Greene, G. C. Perry, III, Perry & Greene, Paintsville, J. Keller Whitaker, Frankfort, for appellees.

PALMORE, Judge.

Louisa Coca-Cola Bottling Company and the Special Fund appeal from a judgment of the Lawrence Circuit Court finding that the appellee, Frank Sturgill, is entitled to workmen's compensation for permanent total disability and remanding the proceeding to the Workmen's Compensation Board with directions to determine whether and to what extent the award is apportionable against the Special Fund. Cf. KRS 342.-120.

The case consists of two consolidated proceedings, one of which is an original claim arising from an alleged injury to Sturgill's left knee on July 21, 1965, and the other is a motion to reopen the settlement of an earlier claim arising from an injury to his right knee in March of 1964. The board denied the new claim and over-ruled the motion to reopen the old claim, finding that the claimant had not sustained a compensable injury on July 21, 1965, and that there had been no change in the condition resulting from the 1964 injury.

It is our opinion that the evidence for the claimant would have supported but was by no means so conclusive as to require findings in his favor, and that the judgment reversing the board's decision was erroneous.

Sturgill worked for a number of years as production foreman in the employer's bottling plant. In March of 1964 he fell to the concrete floor while operating a jack-hammer and injured his right knee, which necessitated surgery in July of 1964 to remove a torn cartilage. His claim for compensation resulted in a settlement agreement based on 5% permanent partial disability. He returned to work on September 21, 1964, and continued until November 12, 1965, when he left his employment because of an osteo-arthritic back condition which had progressed over a long period of time and for which he then drew sick benefits for 32 weeks under a group insurance policy carried by the employer. Thereafter he filed a claim for Social Security, which was pending at the time the claims for workmen's compensation now under consideration were filed.

The motion to reopen was filed on June 9, 1966, and was supported by a physician's affidavit to the effect that the condition of the claimant's right knee had deteriorated and grown worse since the date of the 1964 settlement. A medical report attached to the affidavit mentioned also that on July 21, 1965, he had injured his left knee by coming into contact with a conveyor line.

The claim for disability benefits by reason of the injury to the left knee was filed on July 11, 1966. It was consolidated with the motion to reopen, and the employer pleaded the statute of limitations, KRS 342.270, against both.

At the time of the injury to the right knee the left knee also was injured, but apparently only temporarily. Dr. William C. Roland, who performed the operation on the right knee, testified that there was no mention of the left knee at that time, but that on *March 2, 1965,* Sturgill came to his office complaining of his left knee. On this occasion, said Dr. Roland, Sturgill told him that he had injured the left knee at the same time as the right, and it had been giving him a little trouble all along and then had "popped out of place" two weeks before. Dr. Roland examined the left knee at this time and recorded in his notes that the patient "had a tear of the medial semilunar cartilage on the left of two weeks duration * * * I would be of the opinion that this tear is of two weeks duration rather than having occurred on March 21st, 1964. It is not uncommon to have a tear of the medial semilunar cartilage in both knees but generally not at the same injury."

Dr. Roland again examined Sturgill on March 7, 1968, and found the left knee in the same condition he had observed and recorded on March 2, 1965. He was of the opinion that the condition of the right knee had improved since November 9, 1964, the date of the settlement, because the leg had recovered from atrophy and had gained in strength.

In his testimony Sturgill denied that there had been any accident to his knees between March, 1964, and July, 1965, and attributed the condition of his left knee entirely to the alleged incident of July 21, 1965, in which he claims to have struck it against the conveyor. He had some evidence tending to support the occurrence of the July 21, 1965, event but did not produce the physician he claims to have treated him that evening and did not offer any explanatory rebuttal of Dr. Roland's testimony concerning the office visit and examination of March 2, 1965.

It may be that the damaged condition of Sturgill's left knee actually originated in the 1964 accident and was aggravated by subsequent work-connected events, but his claim that it all happened on July 21, 1965, is devastated by Dr. Roland's contemporaneously recorded observation of the condition as it existed on March 2, 1965. Under this state of the evidence it simply cannot be held that the board was obliged to believe that the claimant had sustained the injury within the period of one year before July 11, 1966, the date on which the claim was filed. KRS 342.120.

With respect to the motion to reopen, in view of Dr. Roland's opinion that the condition of the right knee had not worsened after the date of the settlement the board was not bound to believe that it had.

The judgment is reversed with directions that the final order of the board be affirmed.

All concur.